**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLIINOIS
EASTERN DIVISION**

| | |
|---|---|
| GM CASTING HOUSE INC. | ) Case No. 1:24-cv-01821 |
| Plaintiff, | ) |
| | ) JOINT INITIAL STATUS REPORT |
| v. | ) |
| FOREVER COMPANIES, INC. | ) |
| Defendant. | ) |

On May 6, 2024, Howard A. Kroll, Nathan T. Newman, and Helena M. Guye of Tucker Ellis LLP, counsel for Plaintiff GM Casting House Inc. ("GM"), engaged in a telephone conference with Daniel R. Woods and Kenneth A. Matuszewski of Goldberg Segalla, LLP, counsel for Defendant Forever Companies, Inc. d/b/a/ Diamond Nexus ("Diamond Nexus"), to conduct their Conference of Parties pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's March 6, 2024 Minute Order. ECF No. 6.

The parties submit this Joint Initial Status Report addressing the items listed in the Court's case management procedure titled "Initial Status Report for New Cases."

**I.    Nature of the Case**

    A.    Attorneys of record:

        1.    For Plaintiff GM Casting House:

Tucker Ellis LLP, Chicago

Nathan T. Newman
233 South Wacker Drive, Suite 6950
Chicago, IL 60606-6395
Telephone: 312.624.6303
Facsimile: 312.624.6309
nathan.newman@tuckerellis.com

Tucker Ellis LLP, Los Angeles

Howard A. Kroll (lead trial counsel)
515 South Flower Street, Forty-Second Floor
Los Angeles, CA 90071
Telephone: 213.430.3400
Facsimile: 213.430.3409
howard.kroll@tuckerellis.com

      2.      For Defendant Forever Companies, Inc.:

          Goldberg Segalla, LLP

          James M. Rozak (lead trial counsel)
          Kenneth A. Matuszewski
          Daniel R. Woods
          222 West Adams Street, Suite 2250
          Chicago, IL 60606
          Tel: (312) 572-8407
          Fax: (312) 572-8401
          jrozak@goldbergsegalla.com
          kmatuszewski@goldbergsegalla.com
          dwoods@goldbergsegalla.com

B.    <u>Claims asserted in the complaint:</u>

GM is a jewelry manufacturer and wholesaler. As part of its business, GM creates confidential and proprietary computer-aided design (CAD) files of jewelry designs ("Confidential CADs"). These Confidential CADs contain GM's trade secrets pertaining to jewelry design.

From 2015 until September 2023, Diamond Nexus was a customer of GM. GM designed and manufactured numerous different jewelry pieces for Diamond Nexus to market and sell. As part of their ongoing business relationship, GM disclosed certain Confidential CADs to Diamond Nexus for the limited purpose of creating advertising and marketing materials for GM jewelry sold by Diamond Nexus. To facilitate this agreement, GM and Diamond Nexus executed a Mutual Confidentiality and Non-Solicitation Agreement ("NDA"). After termination of their business relationship, GM requested that Diamond Nexus remove from its website all listings of GM jewelry, to which Diamond Nexus agreed. However, Diamond Nexus has continued to advertise and offer for sale GM jewelry on its website.

GM alleges that Diamond Nexus has improperly misappropriated the Confidential CADs to continue to sell GM jewelry. Additionally, GM alleges that Diamond Nexus has breached the NDA by continuing to use images derived from GM's Confidential CADs in its advertisement and marketing of GM jewelry. Accordingly, GM brings claims against Diamond Nexus for violations of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 *et seq.*, for violations of the Illinois

Trade Secrets Act, 765 ILCS 1065/1 *et seq.*, and for breach of the NDA.

    C.    <u>Legal and factual issues:</u>

The key legal and factual issues in this case include (1) whether Diamond Nexus has unlawfully misappropriated, willfully or non-willfully, GM's alleged trade secrets, (2) whether Diamond Nexus's conduct constitutes breach of contract, and (3) GM's damages.

    D.    <u>Relief sought:</u>

GM seeks entry of judgment that Diamond Nexus has misappropriated GM's trade secrets and has breached the NDA. GM seeks compensatory damages against Diamond Nexus according to proof and disgorgement of any profits made by Diamond Nexus as a result of the misappropriation of GM's trade secrets. GM intends to show that the alleged misappropriation was willful and malicious and, accordingly, seeks exemplary damages for two times GM's damages, as well as reasonable attorneys' fees. GM also seeks actual damages for Diamond Nexus' breach of contract. GM further seeks a preliminary and permanent injunctions against Diamond Nexus to prevent further disclosure and use of GM's trade secrets.

## II.    Jurisdiction

This is an action for alleged trade secret misappropriation arising under the DTSA, a federal act, as well as related state-law claims that allegedly arise from the same transactions and occurrences over which this Court has supplemental jurisdiction. The Court has original jurisdiction over this action pursuant to the DTSA, 18 U.S.C. § 1836(c). The Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

Additionally, there is complete diversity of citizenship: GM is an Illinois corporation with its principal place of business in Illinois and Diamond Nexus is a Wyoming corporation with its principal place of business in Wisconsin. Given the number of Confidential CADs at issue in this case (40), GM alleges the amount in controversy exceeds $75,000. Accordingly, this Court also has subject-matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(2).

**III.     Status of Service**

The summons, complaint, and related documents were served on Diamond Nexus on March 18, 2024. ECF No. 7 (Affidavit of Service).

**IV.     Motions**

    A.    <u>Pending motions</u>: At this time, no motions are pending before the Court.

    B.    <u>Defendant's response to Complaint</u>: At this time, Defendant anticipates responding to the Complaint by filing an Answer.

**V.     Case Plan**

    A.    <u>Discovery plan</u>:

        1.    The parties believe that both lay discovery and expert discovery will be necessary. The parties do not believe that the discovery should be conducted in phases. The parties intend to take depositions and propound written discovery on the following subject matters: (1) Plaintiff's ownership and creation of the Confidential CADs (2) the value of the Confidential CADs not being generally known to the public or to GM's competitors, (3) Plaintiff's substantial efforts in developing the Confidential CADs, (4) Plaintiff's significant efforts to maintain the secrecy of the Confidential CADs (5) the parties' contractual rights and obligations pursuant to the NDA, (6) Defendant's disclosure of the Confidential CADs, (7) Defendant's use of the Confidential CADs, (8) Defendant's profits realized in connection with its uses of the Confidential CADs, (8) Plaintiff's actual damages, and (9) Defendant's knowledge and willful misappropriation of the Confidential CADs. The parties do not currently propose any modifications to the applicable limitations on discovery under the Federal Rules of Civil Procedure.

        2.    The parties propose exchanging initial disclosures pursuant to Rule 26(a)(1) on June 14, 2024.

        3.    The parties propose issuing written discovery starting on June 28, 2024.

        4.    The parties propose January 24, 2025 as the fact discovery completion date.

        5.    The parties propose September 20, 2024 as the deadline for amended pleadings.

6. The parties anticipate expert discovery, and propose an initial expert witness disclosure deadline of February 24, 2025, a rebuttal expert witness disclosure deadline of March 24, 2025, and an expert discovery cut-off date of April 24, 2025.

B. <u>Trial:</u> The parties (1) request a jury trial and (2) expect the length of trial to be no longer than three to five days.

## VI. Consent and Settlement Discussions

A. The parties do not wish to have a Magistrate Judge preside over the entire action.

B. The parties have not yet engaged in any settlement discussions. The parties do not request a settlement conference at this time.

DATED: May 6, 2024                                      Tucker Ellis LLP

By: */s/ Nathan T. Newman*
    Nathan T. Newman
    Howard A. Kroll
    Attorneys for Plaintiff
    GM Casting House Inc.

DATED: May 6, 2024                                      Goldberg Segalla LLP

By: */s/ Kenneth A. Matuszewski*
    James M. Rozak
    Kenneth A. Matuszewski
    Daniel R. Woods
    Attorneys for Defendant
    Forever Companies, Inc.

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on May 6, 2024 the foregoing document was electronically filed via this Court's CM/ECF system. Notice of this filing has been sent to all parties registered to receive service through this system.

*/s/ Nathan T. Newman*
One of the Attorneys for Plaintiff
