IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLIINOIS
EASTERN DIVISION

| | |
|---|---|
| GM CASTING HOUSE INC. | ) Case No. 1:24-cv-01821 |
| Plaintiff, | ) |
| v. | ) PLAINTIFF GM CASTING HOUSE INC.'S <br> ) UNOPPOSED MOTION TO COMPEL |
| FOREVER COMPANIES, INC. | ) |
| Defendant. | ) |

Pursuant to Rule 37(a)(3)(B) of the Federal Rules of Civil Procedure and Local Rule 37.2, Plaintiff GM Casting House Inc. ("GM") hereby moves the Court for an order compelling Defendant Forever Companies, Inc. dba Diamond Nexus ("Diamond Nexus") to answer and produce documents in response to GM's interrogatories and requests for production of documents. Pursuant to Local Rule 37.2, counsel for GM Howard A. Kroll and Helena M. Guye conferred by video conference with counsel for Diamond Nexus Edmund J. Ferdinand III on November 13, 2024, in an effort to resolve these disputes, but the parties were unable to reach an accord. Counsel for Diamond Nexus has indicated that Diamond Nexus will not oppose this motion.

GM served its first sets of interrogatories and requests for production on Diamond Nexus on July 12, 2024. In light of ongoing settlement discussions, the parties mutually agreed to extend their respective deadlines to respond to the discovery requests. Diamond Nexus' responses were due October 23, 2024. However, the deadline for Diamond Nexus to respond to GM's discovery came and went and, to date, Diamond Nexus has not provided written responses.

On October 24, 2024, counsel for GM requested to meet and confer with counsel for Diamond Nexus pursuant to Local Rule 37.2 to discuss Diamond Nexus' failure to respond to discovery. Counsel for Diamond Nexus, Daniel R. Woods, responded: "[m]y firm and I are withdrawing from the case, and will not be in position to prepare responses to Plaintiff's discovery." Counsel for GM asked whether co-counsel for Diamond Nexus Edmund J.

1

Ferdinand III will continue to represent Diamond Nexus and whether he would agree to meet and confer regarding his client's failure to respond to discovery. Mr. Ferdinand responded with: "I will plan to withdraw as well."

Despite these representations, neither Mr. Woods nor Mr. Ferdinand filed a motion to withdraw within the following two weeks. On November 8, 2024, counsel for GM sent an email inquiring on the status of their respective motions to withdraw and asking again whether either Mr. Woods or Mr. Ferdinand would meet and confer regarding their client's failure to respond to GM's discovery. While Mr. Woods stated he would have his motion to withdraw on file by November 11, 2024,[1] Mr. Ferdinand stated, "We have not withdrawn yet but plan to depending on what happens with the client's business." Additionally, Mr. Ferdinand agreed to meet and confer with counsel for GM regarding GM's planned motion to compel "so that [GM] can satisfy the requirement before moving forward." On November 13, 2024, at 1:00 p.m. CT, counsel for GM met and conferred with Mr. Ferdinand pursuant to Local Rule 37.2. Mr. Ferdinand did not indicate whether his client would respond to GM's discovery, nor whether or when he would file a motion to withdraw.

Under Fed. R. Civ. P. 33(b)(2), a responding party "must serve its answers and any objections within 30 days after being served with the interrogatories." Unless objected to, the interrogatory must "be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). If the responding party objects to an interrogatory, the grounds for objecting must be stated with specificity and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4); *see also Martinez v. Cook Cty.*, No. 1:11-cv-1794, 2012 WL 6186601, at *3 (N.D. Ill. Dec. 12, 2012) ("A party's failure to timely object to discovery requests without demonstrating good cause for the delay may result in a waiver of all objections that could otherwise have been asserted."). Similarly, under Fed. R. Civ. P. 34(b)(2), a responding party "must respond in writing within 30 days after being served." "A

---

[1] Mr. Woods indeed filed his motion to withdraw on November 11, 2024. ECF No. 37. The Court has not yet ruled on Mr. Woods' motion.

party's failure to timely object to discovery requests without demonstrating good cause for the delay may result in a waiver of all objections that could otherwise have been asserted." *Martinez*, 2012 WL 6186601, at *3.

Based on Diamond Nexus' wholesale failure to respond to GM's discovery, GM respectfully requests that this Court enter an order finding Diamond Nexus has waived any objections to GM's interrogatories and requests for production, compelling Diamond Nexus to answer and produce documents, and awarding GM its reasonable attorneys' fees in bringing this motion pursuant to Fed. R. Civ. P. 37(a)(5).

DATED: November 18, 2024        Tucker Ellis LLP

By:   /s/Howard A. Kroll
<div style="margin-left:3em">
Howard A. Kroll
Nathan T. Newman
Attorneys for Plaintiff
GM Casting House Inc.
</div>