**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

GM CASTING HOUSE, INC.,

    Plaintiff,

v.

FOREVER COMPANIES, INC.,

    Defendant.

CASE NO. 1:24 cv-1821

## MOTION FOR TURNOVER ORDER

GM Casting House, Inc. ("GM"), by and through its counsel, Howard Kroll, Daniel Curth and Helena Guye, and pursuant to Rule 69, Fed. R. Civ. P. and 735 ILCS 5/2-1402, move this court for an order directing that the DIAMOND NEXUS, NEXUS DIAMOND, and 12FIFTEEN trademarks, and all associated goodwill, belonging to judgment debtor, Forever Companies, Inc. ("FCI"), be turned over to GM. In support of its Motion, GM states:

1.      On July 21, 2025, the Court entered a Default Judgment Order against "Defendant Forever Companies, Inc. d/b/a Diamond Nexus ("Diamond Nexus")" which, due to the default, resulted in all well-pleaded factual allegations of the Complaint being taken as true. Dkt. 58. The Default Judgment Order awarded GM damages of $540,922.20, plus reasonable attorneys' fees of $128,691.50. *Id*. at 6-7. The Default Judgment Order also permanently enjoined "Diamond Nexus and its agents, employees, successors, and assigns . . ." from using GM's trade secret and proprietary business information. *Id.* at 7-8. The total amount of the judgment was $721,229.60. Dkt. 59. FCI has paid nothing in satisfaction of the judgment and post-judgment interest continues to accrue.

1

2.      Not only did FCI do business as Diamond Nexus, it also registered the DIAMOND NEXUS with the United States Patent and Trademark Office (the "USPTO"). According to the USPTO's website, www.uspto.gov, the DIAMOND NEXUS mark is owned by Lautrec Corporation ("Lautrec") (*see* Ex. 1), which was FCI's former name.[1]

3.      According to the USPTO's website, Lautrec also owns the NEXUS DIAMONDS and the 12FIFTEEN trademarks. *See* Ex. 3, 4.

4.      "The Court may take judicial notice of 'information contained on government websites.'" *Illinois v. McMahon*, 2018 WL 11222963, at fn 1 (N.D. Ill.); *citing Koger v. Dart*, 114 F. Supp. 3d 572, 584 (N.D. Ill. 2015); *see also Laborers' Pension Fund v. Blackmore Sewer Const., Inc.*, 298 F.3d 600, 607 (7th Cir. 2002); *Denius v. Dunlap*, 330 F.3d 919, 926-27 (7th Cir. 2003).

5.      Unbeknownst to GM, and undisclosed to this Court, FCI, a Wyoming corporation, filed Articles of Dissolution with the Wyoming Secretary of State on or about April 28, 2025.

6.      "Rule 69 of the Federal Rules of Civil Procedure requires proceedings to execute a money judgment to 'accord with the procedure of the state where the court is located . . .'" *Weinstock v. Islamic Republic of Iran*, 798 F. Supp. 3d 838, 865 (N.D. Ill. 2025). "'In Illinois, 735 ILCS 5/2-1402 and Illinois Supreme Court Rule 277 govern supplementary proceedings.' Section 2-1402 provides the mechanism for a judgment creditor 'to discover the assets of a judgment debtor or third party and apply those assets to satisfy the judgment.' A 'judgment creditor serves a citation to discover assets upon a judgment debtor or third-party respondent, pursuant to which the court enters a turnover order.'" *Id.* (internal citations omitted).

---

[1] On or about November 15, 2023, Lautrec filed Articles of Amendment with the Wyoming Secretary of State to formally change its name from Lautrec to FCI. *See* Ex. 2.

7. "[C]ourts have repeatedly emphasized that '[t]he provisions of section 2-1402 are to be liberally construed.' The statute is meant to give courts 'broad powers to compel the application of discovered assets or income in order to satisfy a judgment.'" *Id.* at 866; *citing Dexia Credit Loc. v. Rogan*, 629 F.3d 612, 624 (7th Cir. 2010).

8. "Pursuant to these broad powers, courts in this district have recognized that a citation under Illinois law 'generally serves to restrain tangible property of the debtor located within Illinois and *intangible property located anywhere*, as long as the Illinois court has personal jurisdiction over the owner of the debt.'" *Id.*

9. "Rule 69 requires federal courts to apply state procedure, but Illinois law regarding supplementary proceedings provides courts with a broad authority to enforce a judgment." *Kelley v. Stevanovich*, 40 F.4th 779, 786 (7th Cir. 2022). "'Proceedings to enforce judgments are meant to be swift, cheap, informal' and Rule 69 does not impose 'a procedural straightjacket, whether of state or federal origin.'" *Motorola Solutions, Inc. v. Hytera Communications Corp. Ltd.*, Case No. 1:17-cv-01973, 2021 WL 3077305 at 2 (N.D. Ill. March 25, 2021) *citing Resolution Trust Corp. v. Ruggiero*, 994 F.2d 1221, 1226 (7th Cir. 1993).

10. "Under section 2-1402(c), the court, 'by appropriate order of judgment,' may compel the judgment debtor to 'deliver up' assets to the judgment creditor or to pay the judgment . . ." *Motorola*, 2021 WL 3077305 at 6.

11. The judgment debtor, FCI, filed articles of dissolution without telling the Court or GM, and essentially disappeared before judgment was entered. Now that judgment has been entered, and FCI has been dissolved, the DIAMOND NEXUS, NEXUS DIAMOND, and

3

12FIFTEEN marks are the only assets that, to date, GM has been able to identify as belonging to the judgment debtor.[2]

12. The DIAMOND NEXUS, NEXUS DIAMOND, and 12FIFTEEN marks are currently listed by the USPTO as being owned by FCI (or Lautrec corporation, as FCI was formerly known). As such, GM respectfully requests entry of an order directing that the DIAMOND NEXUS, NEXUS DIAMOND, and 12FIFTEEN marks, and all goodwill associated with these marks, be turned over to the plaintiff judgment creditor, GM, in partial satisfaction of its judgment.

WHEREFORE, Plaintiff/Judgment Creditor, GM Casting House, Inc., respectfully asks this court for entry of an order directing that the DIAMOND NEXUS, NEXUS DIAMOND, and 12FIFTEEN trademarks, and all associated goodwill, belonging to judgment debtor, Forever Companies, Inc. ("FCI"), be turned over to GM.

Respectfully submitted,

By: _____

TUCKER ELLIS LLP
Daniel C. Curth
Howard A. Kroll
Helena M. Guye
233 S. Wacker Drive, Suite 6950
Chicago, IL 60606
Phone: 312.624.6300
E-mail: Daniel.Curth@tuckerellis.com
Howard.Kroll@tuckerellis..com
Helena.Guye@tuckerellis.com

---

[2] Although GM filed and served its Citation to Discover Assets of judgment debtor FCI on February 17, 2026, FCI has not yet produced any responsive documents. Dkt. 61.

4