**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GM CASTING HOUSE, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 24-cv-1821** |
| | ) | |
| **v.** | ) | **Judge Jeffrey I. Cummings** |
| | ) | |
| **FOREVER COMPANIES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

The Court has reviewed plaintiff's fully briefed motion for turnover, (Dckt. #62), and Rule 25(c) motion to join Diamond Nexus, LLC as judgment debtor, (Dckt. #64). At the heart of plaintiff's motions is whether Diamond Nexus, LLC is a successor-in-interest of defendant Forever Companies, Inc. d/b/a Diamond Nexus, such that Diamond Nexus, LLC is liable for the default judgment previously entered in this matter.

As plaintiff argues, under Federal Rule 25(c), "an entity can be substituted as the judgment debtor in an action if an interest is transferred to that entity during litigation, including during proceedings to enforce a judgment." *United States v. Tower Contracting LLC*, No. 17 CR 656, 2023 WL 4533256, at *3 (N.D.Ill. July 13, 2023) (cleaned up) (citing *Sullivan v. Running Waters Irrigation, Inc.*, 739 F.3d 354, 357 (7th Cir. 2014)). Although Diamond Nexus, LLC disputes that it is a successor-in-interest, at a minimum, the Court agrees with plaintiff that the submissions before the Court raise additional questions that warrant targeted post-judgment discovery to resolve the issue. (*See* Dckt. #73 at 8 ("At a minimum, the unresolved questions surrounding the timing, structure, and participants in the transaction warrant . . . limited discovery.")). To be sure, the rules governing post-judgment discovery are "quite permissive" and Federal Rule of Civil Procedure 69 provides that "[i]n aid of the judgment or execution," a judgment creditor "may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." *Leibovitch v. Islamic Republic of Iran*, 297 F.Supp.3d 816, 825 (N.D.Ill. 2018); Fed.R.Civ.P. 69(a)(2). Indeed, even Diamond Nexus, LLC appears to acknowledge that further discovery may be appropriate. (*See* Dckt. #69 at 1 ("Without conducting post-judgment discovery, Plaintiff filed its Motion seeking to add Diamond Nexus as a judgment debtor based on incorrect assumptions and contentions . . .")).

Accordingly, plaintiff's motion for turnover, (Dckt. #62), and motion to join, (Dckt. #64), are denied without prejudice and with leave to renew, as appropriate, following targeted post-judgment discovery. Plaintiff's counsel and counsel for Diamond Nexus, LLC shall meet and confer regarding the scope of the post-judgment discovery and, by September 4, 2026, shall file a

joint status report setting forth the agreed upon scope of discovery and a deadline for completion of that discovery. The previously set August 17, 2026 tracking status hearing is stricken and reset to September 18, 2026 at 9:00 a.m. (to track the case only, no appearance is required).

**Date: August 19, 2026**

**Jeffrey I. Cummings**
**United States District Court Judge**