**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

GM CASTING HOUSE, INC.,

Plaintiff,

v.

FOREVER COMPANIES, INC.,

Defendant.

CASE NO. 1:24 cv-1821

# JOINT STATUS REPORT

In accordance with the Court's Order dated August 19, 2026 [Dkt. 75], and without waiving any rights or objections, counsel for Plaintiff GM Casting House, Inc. ("GMC") and non-party Diamond Nexus LLC ("Diamond Nexus" or DN LLC") met and conferred regarding the scope of the post-judgment discovery and jointly submit this status report:

## I. JOINT STATEMENT

Counsel for GMC and counsel for Diamond Nexus met and conferred regarding post-judgment discovery via video conference on August 17, 2026. GMC advised that it intends to pursue the post-judgment discovery outlined below, including discovery directed to Diamond Nexus and other third parties. GMC and Diamond Nexus agree that a subpoena is the appropriate procedural mechanism for GMC to seek post-judgment discovery from a non-party such as Diamond Nexus, and that all objections, rights, and positions with respect to any discovery that GMC may issue are preserved.

GMC and Diamond Nexus further agree that any disputes regarding the scope or propriety of specific discovery requests may be addressed through the ordinary discovery process after such

requests are served. GMC and Diamond Nexus disagree, however, regarding the permissible scope of such discovery and set forth their respective positions below.

## II. SCOPE OF POST-JUDGMENT DISCOVERY

### A. Plaintiff's position:

(1) GMC will issue a subpoena for documents and one or more depositions to Byline Bank. The documents sought will include the underlying loan files between Byline and Forever Companies, Inc. ("FCI"), including all recorded security instruments, communications with various individuals at FCI and DNLLC and their representatives, any inventory and/or valuation of FCI's assets, and the marketing and sale process for the disposition of FCI's assets. The deposition(s) will likely be of a 30(b)(6) witness but may also require specific individual depositions, including that of Christine Brauckhoff.

(2) GMC will issue a subpoena to DNLLC, seeking documents and one or more depositions relating to the transactions identified in DNLLC's filings in this case (i.e. Dkt. 69 and 70) and the individuals potentially involved in those transactions. These documents will include all of DNLLC's communications with FCI, its principals, Byline Bank, FCI's prior landlord and Brianne Schroeder; DNLLC's bank statements from its inception through November 2025; any and all books and records of FCI that were acquired by DNLLC and/or left behind by FCI in the leased building or computer systems acquired by DNLLC, and DNLLC's itemization and valuation of all assets acquired from FCI through Byline Bank or otherwise. The deposition(s) will likely include a 30(b)(6) witness, David Barr and Brianne Schroeder.

(3) GMC will issue a subpoena to David Barr for documents and a deposition regarding the transactions identified in DNLLC's filings in this case (i.e. Dkt. 69 and 70), including his communications with anyone at Byline Bank, FCI, Parag Vora, Gary LaCourt and Brianne

Schroeder, the formation of DNLLC and the financing of DNLLC, including the source of funds paid to Byline Bank for FCI's assets.

(4) GMC may also pursue subpoenas for documents and depositions to Parag Vora and Gary LaCourt, both of whom, upon information and belief, held ownership interests in FCI.

(5) GMC reserves the right to seek additional discovery based on information obtained through the foregoing discovery.

(6) GMC anticipates that the discovery outlined above can be completed within approximately 75 to 90 days from the date of this report. This anticipated timeline is subject to change based on the cooperation and availability of third-party witnesses and the timing of document production.

(7) GMC will keep the Court apprised of the progress of discovery and will promptly notify the Court of any issues that may affect the projected timeline.

**B. Diamond Nexus's position:**

Discovery directed to Diamond Nexus

1. Diamond Nexus reserves all rights and objections with respect to any subpoena or other discovery that GMC may seek, including but not limited to its previously asserted objections to jurisdiction (Dkt. 69).

2. Diamond Nexus submits that Plaintiff's proposed scope of third-party discovery from Diamond Nexus exceeds both the scope of permissible supplementary proceedings and the targeted post-judgment discovery. As the Court recognized in its August 19, 2026 Order, a judgment creditor may obtain post-judgment discovery from third parties in accordance with applicable law. Under Illinois law, however, "the only relevant inquiries in supplementary proceedings are (1) whether the judgment debtor is in possession of assets that should be applied

to satisfy the judgment or (2) whether a third party is holding assets of the judgment debtor that should be applied to satisfy the judgment." *Pyshos v. Heart-Land Dev. Co.*, 258 Ill. App. 3d 618, 623 (1st Dist. 1994); *Dexia Credit Local v. Rogan*, 629 F.3d 612, 623-24 (7th Cir. 2010) (same and explaining that "[a]s long as the action seeks the judgment debtor's assets and does not concern personal liability, it falls within the scope of a supplemental proceeding."). Post-judgment discovery directed to a third party is permitted "only as a means of discovering the assets of a judgment debtor, not those of a third party." *Sullivan v. Alpine Irr. Co.*, No. 09 C 2329, 2011 WL 1575617, at *4 (N.D. Ill. Apr. 25, 2011); *Newcourt Capital, USA, Inc. v. Rubloff Aviation Maintenance Services, LLC*, No. 05 C 50002, 2009 WL 635486, at *3 (N.D. Ill. Mar. 11, 2009).

3. Several categories of discovery proposed by Plaintiff exceed those limits. For example, Plaintiff expresses its intent to seek all of DN LLC's bank statements from its inception through November 2025, communications relating to the formation and financing of DN LLC, and information concerning the source of funds used by DN LLC to acquire assets. On their face, such requests seek information concerning DN LLC's own assets, finances, and business operations rather than assets of the judgment debtor Forever Companies, Inc. ("FCI").

4. Moreover, Plaintiff's proposal is unduly burdensome. Rule 45(d)(1) requires Plaintiff to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Plaintiff not only wishes to engage in broad document discovery, including expansive requests for communications and records, but also take at least five depositions and potentially as many as eight, with the possibility of additional discovery thereafter. With respect to Diamond Nexus alone, Plaintiff proposes a Rule 30(b)(6) deposition, depositions of David Barr and Brianne Schroeder, and a separate individual deposition of Mr. Barr. Thus, Plaintiff proposes to take four separate depositions from Diamond Nexus and its representatives or employees alone.

In addition, Plaintiff proposes a Rule 30(b)(6) deposition of Byline Bank, potential depositions of Christine Brauckhoff, Parag Vora, and Gary LaCourt, while reserving the right to seek additional discovery thereafter.

5. Rather than the targeted post-judgment discovery to address the disposition of the judgment debtor's assets, Plaintiff proposes a sweeping, multi-source discovery campaign directed at Diamond Nexus, Mr. Barr personally, and other third parties. The resulting burden and expense on Diamond Nexus, a third-party, would be substantial, particularly given the significant costs it has already incurred responding to Plaintiff's motion for turnover and Rule 25(c) motion.

6. Consistent with the Court's Order and applicable law, any third-party discovery should be narrowly tailored to the transaction at issue. Discovery into Diamond Nexus's own finances, assets, business operations, or corporate formation and financing is beyond the scope of permissible supplementary discovery and facially improper. To the extent material questions remain after Plaintiff has had an opportunity to conduct targeted post-judgment discovery and review relevant transaction documents, GMC and Diamond Nexus can then confer regarding whether a deposition of a Diamond Nexus representative is warranted and, if so, the appropriate scope of such deposition.

Discovery directed to Judgment Debtor and/or Other Third Parties

7. The breadth of Plaintiff's proposed discovery from FCI, Byline Bank, and other third parties further underscores that Plaintiff seeks a sweeping, multi-front discovery effort rather than the targeted post-judgment discovery.

8. Diamond Nexus requests that Plaintiff provide notice of any discovery directed to FCI or other third parties so that Diamond Nexus may attend and participate in any depositions, as appropriate. Diamond Nexus further requests that Plaintiff promptly produce any documents

obtained through such discovery that relate to Diamond Nexus, or the transactions at issue. Plaintiff has agreed to do so.

9. Diamond Nexus reserves the right to expert discovery, if appropriate, following the completion of targeted post-judgment discovery, should expert testimony become necessary to address any issues, assertions, or contentions raised by GMC.

Dated: September 4, 2026

Respectfully submitted this

GM CASTING HOUSE, INC.
By: /s/ Daniel C. Curth
Daniel C. Curth (ARDC 6229090)
Tucker Ellis LLP
233 S. Wacker Drive
Suite 6950
Chicago, IL 60606
Email: Daniel.Curth@tuckerellis.com

DIAMOND NEXUS, LLC

By: /s/ Martin Kedziora
Martin Kedziora (ARDC 6300162)
C. Grace Filer (ARDC 6349009)
Greenberg Traurig, LLP
360 N. Green St., Suite 1300
Chicago, Illinois 60607
Phone: (312) 456-8400
Fax: (312) 456-8435
Email: kedzioram@gtlaw.com
Email: grace.filer@gtlaw.com

*Attorneys for Diamond Nexus, LLC*